UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AULIYA HUGHES,<br><br>    Plaintiff,<br><br>v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 25-cv-06299-PHK<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO THE MANDATORY SCREENING REQUIREMENTS OF 28 U.S.C. § 1915(e)(2)(B)**<br><br>Re: Dkt. 1 |

## INTRODUCTION

*Pro se* Plaintiff Auliya Hughes brings this action against the San Francisco Unified School District ("SFUSD"), Zachary Williams (identified in the Complaint as "Department of Public Health Representative"), and Kathy Ballou (identified in the Complaint as "Nursing Director"), asserting violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*. [Dkt. 1]. The Court previously granted Plaintiff Hughes's application to proceed *in forma pauperis*, in accordance with 28 U.S.C. § 1915(a). [Dkt. 2]. The Court now undertakes a determination of whether Plaintiff's Complaint must be dismissed pursuant to the mandatory screening requirements of § 1915(e)(2)(B). After carefully reviewing the Complaint, and for the reasons discussed herein, the Court **DISMISSES** Plaintiff Hughes's Complaint **WITHOUT PREJUDICE** pursuant to § 1915(e)(2)(B).

## BACKGROUND

On July 28, 2025, Plaintiff Auliya Hughes filed a *pro se* Complaint in this action. [Dkt. 1]. The Complaint alleges "interdepartment discrimination and harassment," and seeks $1.5 million

dollars in damages, as well as various other requested forms of relief including a request that the Defendants pay for Plaintiff's university loans, re-housing assistance, assistance with car repossession, and issuance of certain declarations and injunctions. *Id.* at 8-9; *see also* Dkt. 1-1. The Complaint asserts federal question jurisdiction under Title VII. [Dkt. 1 at 1]. Plaintiff Hughes alleges that her position as a temporary senior typist for SFUSD ended on December 23, 2024, and that SFUSD told her that she "was welcome to apply for other vacant positions within SFUSD or elsewhere in the city." *Id.* at 3. Plaintiff alleges that, after her position was terminated, she applied for multiple other positions within SFUSD, none of which resulted in her being rehired. *Id.* at 4-8. The Complaint alleges that, over some unspecific period of time, Plaintiff was a clerk, a teacher, and then a clerk again within the SFUSD, and that Plaintiff ultimately lost her teaching credential. *Id.* at 5. The Complaint alleges that Defendants unlawfully discriminated against Plaintiff due to her race, national origin, and religion. *Id.* at 2, 5.

## LEGAL STANDARD

A complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but *requires* a district court to dismiss an [IFP] complaint that fails to state a claim.") (emphasis added); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

If the Court dismisses a complaint pursuant to § 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee because such dismissal is not on the merits; rather, the

dismissal is an exercise of the Court's discretion under the IFP statute. *Biesenbach v. Does 1-3*, No. 21-cv-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton*, 504 U.S. at 32).

Plaintiff proceeds in this matter *pro se*. Accordingly, in undertaking the mandatory screening of Plaintiff's Complaint, the Court construes the allegations liberally and affords Plaintiff the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

## DISCUSSION

### I. Whether the Complaint is Frivolous or Malicious

As an initial matter, the Court finds Plaintiff Hughes's Complaint is not frivolous or malicious. A "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citations omitted).

First, the Court finds that the Complaint has a sufficient basis in law and fact such that it should not be dismissed as frivolous. Plaintiff Hughes alleges that Defendants unlawfully discriminated against her based on her race, national origin, and religion, in violation of Title VII. Title VII makes it unlawful for an employer to refuse or fail to hire, to discharge, or to otherwise discriminate against someone because of their statutorily protected class. *Bostock v. Clayton Cnty.*, 590 U.S. 644, 644 (2020). Class protection under Title VII applies to individuals discriminated against in the workplace because of, among other things, their race, religion, and national origin.

In the Complaint, Plaintiff Hughes alleges that she attempted to start a grievance process with the United Educators Union after her temporary senior typist position with SFUSD was terminated on December 23, 2024. [Dkt. 1 at 4]. The Complaint alleges that representatives of SFUSD offered her a temporary position despite knowing that Plaintiff was qualified for a permanent position as a senior clerk, and then terminated her temporary position. *Id.* The Complaint also asserts that SFUSD rejected Plaintiff's subsequent applications for positions in the same field. *Id.* The Complaint alleges that SFUSD representatives explained that her educational degree did not meet hiring requirements as the basis for why she was not hired. *Id.* Plaintiff Hughes avers that

3

she has a bachelor's degree in education, and once held a position as a teacher for the African American Leadership Initiative Program. *Id.* Liberally construing the averments of the Complaint, Plaintiff alleges that SFUSD unfairly discriminated against her in their hiring processes, based on her race, national origin, and religion because, although she applied for positions she was qualified to perform, she was rejected under circumstances that were discriminatory. *Id.* at 5. Accordingly, taking the pleading as true, the Court finds that the Complaint is not frivolous as presented.

Second, the Court finds no information to suggest that Plaintiff Hughes filed her Complaint with an intention or desire to harm another. Rather, Plaintiff Hughes's Complaint avers a specific cause of action supported by information that, in her apparent view, provides legitimate grounds for relief. Accordingly, because the Complaint's express averments do not indicate any intent or desire to harm another, and the context of the lawsuit carries no indicia that the case is malicious, dismissal is not warranted on that basis.

As such, the Court does not find Plaintiff Hughes's Complaint frivolous or malicious, pursuant to the first requirement of 28 U.S.C. § 1915(e)(2)(B).

## II.     Whether the Complaint Fails to State a Claim for Relief

The next issue is whether the Complaint states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2000). In reviewing a complaint for these purposes, "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668 F.3d at 1112 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

"The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citation omitted). In other words, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555.

As summarized above, the Complaint asserts claims under Title VII, under which it is unlawful for an employer to discriminate against an employee based on their race, national origin, or religion. 42 U.S.C. § 2000e-2(a)(1). To assert a Title VII claim in federal district court, a plaintiff must have timely exhausted their administrative remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995). Specifically, Title VII provides that:

> [A] charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred, except that when the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such EEOC charge shall be filed by or on behalf of the person aggrieved within 300 days after the alleged unlawful employment practice occurred, or within 30 days after receiving notice that the state or local agency has terminated the proceedings under the state or local law, whichever is earlier.

42 U.S.C. § 2000e-5.

Here, even viewing the pleading liberally, the Complaint is devoid of any allegations suggesting that Plaintiff Hughes properly and timely exhausted her administrative remedies with respect to her Title VII claims prior to filing this lawsuit. Accordingly, the Complaint is subject to dismissal on that basis. *See Hayes v. NASSCO*, No. 3:17-cv-00004-BEN-WVG, 2017 WL 658714, at *3 (S.D. Cal. Feb. 15, 2017) (dismissing IFP complaint, pursuant to § 1915(e)(2)(B)(ii), for failure to allege administrative exhaustion of Title VII claims).

In addition to the issue of exhaustion of administrative remedies, the Complaint does not sufficiently allege a claim of discrimination. Title VII discrimination claims can be established by direct or circumstantial evidence. *Opara v. Yellen*, 57 F.4th 709, 722 (9th Cir. 2023). A plaintiff may elect to prove their case under the *McDonnel-Douglas* burden-shifting framework. Under this framework, a plaintiff has the initial burden of proving a *prima facie* case of discrimination. *Lui v. DeJoy*, 129 F.4th 770, 776 (9th Cir. 2025). If a plaintiff does so, the burden then shifts to the

employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* Once such a showing has been made, the burden shifts back to the plaintiff to prove that the employer's proffered reason is a pretext for the alleged discrimination. *Id.*

A plaintiff may make a *prima facie* case of discrimination by showing that she "applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 305 (2025). A plaintiff's successful showing of a *prima facie* case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978).

Here, the Complaint alleges that, after Plaintiff Hughes's senior clerk position was terminated, SFUSD discriminated against her by denying her applications for other positions. [Dkt. 1 at 3-8]. The Complaint does not allege that the termination of Plaintiff's temporary position was discriminatory. Instead, Plaintiff Hughes's claims rest on SFUSD's failure to hire her for other positions she applied for. The Complaint alleges that Hughes "requested grievances by filed against the cases pending in discrimination and harassment, for denying me a permanent position." *Id.* at 6. The Complaint alleges that Plaintiff Hughes "signed a call back for the school year 2023/Fall [as a teacher at Bessie Carmichael and Paul Rever [sic] Middle School] and it was rescinded by Human Resource with no reasons." *Id.* The Complaint refers to an "aggressive conversation" Plaintiff Hughes had with a bilingual staff member and a follow-up "conversation" Plaintiff had with the school principal, who is alleged to have "dismissed the aggressive conversation." *Id.* at 7. The Complaint alleges that SFUSD "denied" Plaintiff Hughes's degree and that she "was told to take the CBEST Math" (liberally construing the pleading, this appears to be a reference to the California Basic Educational Skills Test ("CBEST") for Mathematics, a credentialing test for educators). *Id.* at 4. The Complaint avers that Plaintiff Hughes was somehow not allowed to teach in the "Pathways Program a program designed to help with opportunity." *Id.* at 5. As relief, Plaintiff Hughes requests that SFUSD be made to "stop unfavorable hiring practices, stop discrimination, and allow the California Teaching Commission to analyze transcripts for future teachers." *Id.* at 9.

Taken as a whole and liberally construed, the Complaint's allegations fail to indicate discrimination or potential discrimination against Plaintiff Hughes because of her race, national origin, or religion. *Id.* at 5-7. First, there are no allegations which even inferentially implicate Plaintiff's religion or national origin. Second, the Complaint never explicitly states that Plaintiff is a member of a protected class but construing the Complaint as liberally as allowed, there is at least an inference that Plaintiff is or may be African-American. However, as described above, none of the Complaint's allegations link any decision not to hire Plaintiff based on her membership in a protected class. At most, the allegations indicate that Plaintiff had negative interactions with bilingual staff (and a negative interaction with a school Principal stemming from that "aggressive conversation) and had credentials which qualified her for a permanent position which she never received. Taken as true and even liberally construed, these allegations do not demonstrate that it was "more likely than not," that SFUSD's hiring procedures were based on Plaintiff Hughes's status as a member of a protected class. *Furnco*, 438 U.S. at 577.

The Complaint includes allegations regarding Plaintiff Hughes's previous employment with San Francisco General Hospital and that the Public Health Department ignored "racist and incriminating" remarks made by staff. [Dkt. 1 at 8]. However, Plaintiff Hughes is not suing San Francisco General Hospital or the San Francisco Public Health Department. While the Complaint includes two individual Defendants who are alleged to be associated with either the San Francisco Department of Public Health or the San Francisco General Hospital, there are no claims against the hospital itself or that agency. As discussed below, the claims against the individual Defendants are legally defective as well. Further, the Complaint alleges that there was previously "a connected case to this one" and that there were "[s]tatements made by employees of San Francisco City and County" which "were never investigated causing the connection to this case." *Id.* The Complaint refers to "threats made by staff [of the Department of Public Health] that led [Plaintiff Hughes] to understand that [she] will no longer be working for the hospital or the City and County of San Francisco." *Id.* However, these vague and conclusory allegations as to "statements" or "threats" do not demonstrate any causal link between whatever may have happened during Plaintiff's previously employment and the cause of action here against the SFUSD. Other than the

7

conclusory statement that these cases are somehow "connected," there are no facts alleged which link Plaintiff's experiences at San Francisco General Hospital to her failure to be hired by SFUSD. Racist and incriminating remarks made by San Francisco General Hospital staff members are not plausibly linked by any averments in the Complaint to the alleged discrimination in SFUSD's hiring process.

In sum, Plaintiff Hughes's Complaint does not meet the plausibility standard under *Twombly*, because the allegations do not give rise to an inference of unlawful discrimination due to Planitiff's membership in a protected class, as required to state a claim for relief under Title VII. Accordingly, the Court finds that Plaintiff Hughes has failed to plausibly allege a claim for relief. For that reason (in addition to the failure to adequately plead exhaustion), Plaintiff Hughes's Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.     Whether the Complaint Seeks Monetary Relief Against an Immune Defendant**

In performing the mandatory screening of a *pro se* complaint under the IFP statute, the final issue for consideration is whether a complaint seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii).

Defendant SFUSD, a California school district, is deemed to be an arm of the State of California. "In the case of Title VII, Congress abrogated the States' immunity, such that actions may be properly brought against a State or one of its agencies." *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1405 (N.D. Cal. 1997) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)) (remaining citation omitted). Accordingly, the Court finds that SFUSD is not immune from suit in this action.

Further, the Ninth Circuit has held that non-employer individuals cannot be held liable for damages under Title VII, even if those individuals are supervisory employees. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). "Because Congress assessed civil liability only against an employer under Title VII . . . individual defendants cannot be held liable for back pay." *Id.*; *see also Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982); *Seib v. Elko Motor Inn*, 648 F. Supp. 272, 274 (D. Nev. 1986); *Pree v. Stone & Webster Eng'g Corp.*, 607 F. Supp. 945, 950 (D. Nev. 1985). As the Ninth Circuit has explained, "[i]n *Miller,* the court reasoned that Congress

8

limited liability under Title VII to employers with 15 or more employees because it 'did not want to burden small entities with the costs associated with litigating discrimination claims.' It was therefore 'inconceivable' that Congress intended to allow individual employees to be sued under Title VII." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). Thus, other "courts have joined . . . in protecting supervisory employees from liability in their individual capacities." *Miller*, 991 F.2d at 583, 587. "There is no reason to stretch the liability of individual employees beyond the *respondeat superior* principle intended by Congress." *Id.* at 588.

Here, the Complaint alleges that Defendant Zachary Williams is a Department of Public Health Representative and that Defendant Kathy Ballou is a Nursing Director in the "Department of Psychiatry." [Dkt. 1 at 2]. As discussed above, the Complaint appears to attempt to assert claims against these individuals based on Plaintiff's previous employment and firing from San Francisco General Hospital. [Dkt. 1 at 8]. And as discussed above, neither the San Francisco Department of Public Health nor the San Francisco General Hospital are named Defendants in this case. To the extent Plaintiff has attempted to assert claims for damages against Zachary Williams and Kathy Ballou, those claims are legally improper under Title VII. As noted, the other miscellaneous forms of relief Plaintiff seeks (such as declaratory and injunctive relief) are all directed to SFUSD and not these individual Defendants. Accordingly, there is no proper legal basis to include either Defendant Williams or Defendant Ballou as named Defendants in this case, because under Title VII they are not properly named defendants.

Therefore, under § 1915(e)(2)(B)(iii), the Complaint improperly seeks damages from Defendants Ballou and Williams because they are immune from suit for such damages under Title VII. Accordingly, because Plaintiff Hughes seeks monetary damages from these individual Defendants, those claims are additionally subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

For the reasons discussed herein, **IT IS ORDERED THAT:**

1. Plaintiff's Complaint [Dkt. 1] is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to adequately plead exhaustion of administrative remedies and for failure to adequately state a claim of discrimination for

9

relief, and pursuant o 28 U.S.C. § 1915(e)(2)(B)(iii), for seeking monetary relief from individuals immune from such relief.

2. Plaintiff is **GRANTED LEAVE** to file an amended complaint that addresses and cures the deficiencies and issues herein by no later than **NOVEMBER 14, 2025**.

3. If Plaintiff does not file an amended complaint by the ordered deadline or if she cannot cure the identified deficiencies, that may result in negative consequences for this case, including but not limited to a recommendation by this Court that this action be dismissed with prejudice either in whole or in part. Plaintiff is advised in particular regarding the legal prohibition under Title VII regarding any claim for damages against individual defendants, as discussed above.

4. Plaintiff is **ADVISED** that there are several resources for *pro se* litigants. The Court makes available a guide for *pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case. This guide is available electronically online at https://www.cand.uscourts.gov/wpcontent/uploads/2020/02/Pro_Se_Handbook_2020ed links_12-2021_MBB.pdf or in hard copy free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for *pro se* litigants: https://www.cand.uscourts.gov/pro-se-litigants/. The Court has a webpage of Tips for *Pro Se* Filers, as well: https://www.cand.uscourts.gov/pro-se-litigants/tips-for-pro-se-filers/. In addition, Plaintiff has the option to seek assistance from the Legal Help Center by making an appointment by telephone at (415)-782-8982 or by email at fedpro@sfbar.org. The Legal Help Center is a free service provided by the Justice & Diversity Center of the Bar Association of San Francisco ("JDC"), and is not part of the United States District Court. The Legal Help Center is staffed by attorneys employed by the JDC to provide information and limited-scope legal assistance to *pro se* litigants in civil cases. *See* https://cand.uscourts.gov/about/court-programs/legal-helpdesks/.

5. The Court further **ADVISES** that any amended complaint shall include the caption and civil case number used in this Order (25-cv-06299-PHK) and the words "FIRST

AMENDED COMPLAINT" shall be written on the caption page. The Court recommends that Plaintiff use this Court's form complaint (available on the Court website) for drafting any amended complaint.

6. Because an amended complaint completely replaces the previous complaint, Plaintiff **SHALL** include in any amended complaint all claims she wishes to present, all defendants she wishes to sue, and all relief sought. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any newly-filed amended complaint **SHALL NOT** incorporate material from the prior Complaint [Dkt. 1] by reference.

7. Plaintiff **SHALL** comply with all of this Court's Orders (including all General Orders and Standing Orders, available on the Court's website) and all deadlines required by the Federal Rules of Civil Procedure and the Local Rules of this Court, in a timely fashion. When needed, Plaintiff may file a motion (prior to a deadline) requesting an extension of time to meet a court-ordered deadline. In order to be considered timely, any such motion **SHALL** show good cause why there exists a need for a reasonable amount of additional time to complete the necessary tasks.

8. Failure to file an amended complaint by the deadline herein, failure to keep the Court properly informed of Plaintiff's contact information, or failure to prosecute this action timely may result in negative consequences for Plaintiff's case, including recommendation for dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders and/or failure to prosecute.

9. The Clerk is directed to mail a copy of this Order to Plaintiff Hughes at her address of record.

**IT IS SO ORDERED.**

Dated: October 9, 2025

_____
PETER H. KANG
United States Magistrate Judge