UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AULIYA HUGHES,<br><br>   Plaintiff,<br><br>   v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT, et al.,<br><br>   Defendants. | Case No. 25-cv-06299-PHK<br><br>**ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**<br><br>Re: Dkt. 7 |

On July 28, 2025, Plaintiff Auliya Hughes, who is representing herself *pro se* in this action, filed her complaint and an application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1-2. The Court granted Plaintiff's IFP application on October 2, 2025. [Dkt. 6]. The Court then proceeded to undertake the mandatory screening of Plaintiff's complaint, as required by 28 U.S.C. § 1915(e)(2)(B). By Order dated October 9, 2025, the Court dismissed Plaintiff's complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim for relief, and for seeking monetary relief from defendants who are immune from such relief. [Dkt. 7]. The Court granted Plaintiff leave to file an amended complaint addressing and curing the pleading deficiencies discussed in the October 9, 2025 Order, by no later than November 14, 2025. *Id.*

The November 14, 2025 deadline to file an amended complaint has passed. To date, Plaintiff has neither filed an amended complaint nor requested an extension of time from the Court to do so.

The Court's October 9, 2025 Order stated that "[i]f Plaintiff does not file an amended complaint by the ordered deadline or if she cannot cure the identified deficiencies, that may result in negative consequences for this case, including but not limited to a recommendation by this

Court that this action be dismissed with prejudice either in whole or in part." [Dkt. 7 at 10].

The Court possesses the inherent power to dismiss an action *sua sponte* if a plaintiff fails to prosecute their action or fails to comply with court orders. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders). Plaintiff was previously informed, and is warned again by this Order to Show Cause, that failure to comply with this Court's orders and failure to prosecute this case will result in negative consequences for Plaintiff's case, including a recommendation for the dismissal of this action. Specifically, failure to respond to this Order to Show Cause and failure to file an amended complaint by the new deadline set herein will be found to be a failure to comply with this Court's orders and a failure to prosecute this lawsuit, which will lead to consequences adverse to Plaintiff's lawsuit.

Accordingly, the Court herein **ORDERS** that, by no later than **JANUARY 9, 2026**, Plaintiff **SHALL EITHER** (1) file an amended complaint which addresses and cures the deficiencies discussed in the Court's October 9, 2025 Order screening the original complaint [Dkt. 7]; **OR** (2) file a written request for a further reasonable extension of time in which to file an amended complaint which addresses and cures the deficiencies noted by the Court's October 9, 2025 Order [Dkt. 7]; **OR (3)** file a written response to this Order to Show Cause explaining why this action should not be dismissed for failure to prosecute this case or for failure to comply with this Court's directives and orders. To be clear, if Plaintiff files, by January 9, 2026, an amended complaint addressing and curing the deficiencies noted in the October 9, 2025 Order, or if Plaintiff files, by that same deadline, a written request for a reasonable extension of time in which to file an amended complaint addressing and curing the deficiencies noted in the October 9, 2025 Order, such a filing will be deemed to be a response to this Order to Show Cause and no other written response would be necessary.

If Plaintiff chooses to file a request for a reasonable extension of time in which to file an amended complaint addressing and curing the deficiencies noted in the Court's October 9, 2025 Order, Plaintiff shall explain why and how much additional time is needed in any written response

1  filed by the January 9, 2026 deadline.

2      If Plaintiff fails to respond to this Order to Show Cause in one of the ways directed above
3  by the **JANUARY 9, 2026** deadline set herein, the Court will issue a Report and Recommendation
4  that this action be dismissed for failure to prosecute and failure to comply with court orders.

5      The Clerk of Court is directed to mail this Order to Show Cause to Plaintiff at her address
6  of record.

8      **IT IS SO ORDERED.**

9  Dated: December 8, 2025

                                              PETER H. KANG
                                              United States Magistrate Judge